

PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH ALBERT,

        Plaintiff,

   -v-

NEW YORK STATE, JUDGE DONALD
MARKS, and DISTRICT ATTORNEY OF
MONROE COUNTY,

        Defendants.

17-CV-1043-LJV
ORDER

## INTRODUCTION

The pro se plaintiff, Joseph Albert, was a prisoner confined at the Great Meadow

Correctional Facility when he filed this action. He asserts claims under 42 U.S.C.

§ 1983 and alleges that the defendants violated his constitutional rights in sentencing

him as an adult. Docket Item 1. He also has moved to proceed *in forma pauperis* (that

is, as a person who should have the prepayment of the ordinary filing fee waived

because he cannot afford it). Docket Item 2. And he has asked this Court to appoint

counsel for him. Docket Item 3.

Because Albert meets the statutory requirements of 28 U.S.C. § 1915(a) and has

filed the required authorization, Docket Item 2, the Court grants his motion to proceed *in*

*forma pauperis*. Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court

screens the complaint. For the reasons that follow, the plaintiff's claims against New

York State are dismissed under 28 U.S.C. § 1915(e)(2)(B), and his other claims will be

dismissed unless he amends his complaint to correct the deficiencies noted below.

**DISCUSSION**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).  Generally, the court will afford a pro se plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation omitted).  But leave to amend pleadings may be denied when any amendment would be "futile."  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

I.    **SCREENING THE COMPLAINT**

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 213 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a pro se claim as insufficiently pleaded is

2

appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [pro se] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted pro se must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73,76 (2d Cir. 2004).

Albert has sued New York State, Judge Donald Marks, and Monroe County District Attorney Gregory Huether for "years lost, suffering, and undesirable situation" resulting from an allegedly unconstitutional sentence. Docket Item 1 at 1-2. He claims that the defendants' actions violated his Eighth, Ninth, Tenth, and Fourteenth Amendment rights. *Id.* at 2. A liberal reading of the complaint tells the following story.

On April 27, 1993, Judge Marks sentenced Albert to "50 years to life" for murder, assault, robbery, and obstruction of justice. *Id.* at 1. Judge Marks "never took into account Mr. Albert's juvenile status or followed the statute standard sentence guideline" even though Albert "was 16 years old at the time the crime had commenced." *See id.* at 1-2. As a consequence, Albert's sentence was "fifteen (15) years over the juvenile/adolescent sentencing guideline." *Id.* at 2. Huether, for his part, "never informed Judge [Marks] that [Judge Marks] could not sentence a [j]uvenile as an adult, i.e., . . . each robbery count should have [run] concurrently . . . and [Albert should have been] sentenced to one third (1/3) of the max, which would have been eight (8) years." *Id.* Albert has moved in state court to set aside his sentence. *Id.* As of October 16, 2017, that motion was still pending. *Id.*

## II.    SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).  "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

For the reasons that follow, Albert's complaint fails to state a claim upon which relief may be granted, but the Court grants Albert leave to amend certain claims.

### A.    Statute of Limitations

The Court first notes that Albert's complaint appears, on its face, to be barred by the applicable three-year statute of limitations.  "New York's three year statute of limitations . . . governs [section] 1983 actions brought in federal district court in New York." *Jewell v. Cty. of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) (citing N.Y. C.P.L.R. § 214(2)).  Moreover, "federal courts [are] obligated . . . to apply the New York rule for tolling that statute of limitations." *Id.* (quoting *Bd. of Regents v. Tomanio,* 446 U.S. 478, 483 (1980)).  A federal court's power to otherwise toll statutes of limitations borrowed from state law is limited to those situations "where application of the statute of limitations would frustrate the policy underlying the federal cause of action." *Id.* (citing *Johnson v. Ry. Express Agency, Inc.,* 421 U.S. 454, 465 (1975); *Meyer v.*

4

*Frank,* 550 F.2d 726, 729 (2d Cir. 1977)).  "Use of the New York statute of limitations in

[section] 1983 actions does not violate such policy."  *Id.*

This Court may excuse a late filing of a section 1983 action only upon a showing

that "a different time is prescribed by law or a shorter time is prescribed by written

agreement."  *Id.* (citing N.Y. C.P.L.R. § 201).

> New York has codified the circumstances under which a limitations period
> may be tolled.  These include, *inter alia,* periods during which: (1) the
> commencement of an action has been stayed by court order or by statute;
> (2) a dispute that is ultimately determined to be nonarbitrable has been
> submitted to arbitration; (3) the defendant is outside New York when and
> after a claim accrues against him; and (4) the plaintiff is disabled by infancy
> or insanity when and after his claim accrues.

*Leon v. Murphy,* 988 F.2d 303, 310 (2d Cir. 1993) (citing N.Y. C.P.L.R. §§ 204(a),

204(b), 207, and 208).  "[A] court may also estop a defendant's assertion of the statute

of limitations on the basis of the defendant's misconduct in delaying the plaintiff from

prosecuting a legitimate cause of action."  *Id.* (citing *Jewell,* 917 F.2d at 740 n.1; N.Y.

C.P.L.R. § 201 cmt. 6).

According to the complaint, Albert's claim accrued in April 1993.  Albert did not

bring these claims, however, until October 16, 2017—twenty-four years later.  It

therefore appears that the three-year time period during which Albert could timely bring

a claim under section 1983 expired well before he filed this action, and he has asserted

no circumstances to warrant the application of equitable tolling.  But in light of Albert's

pro se status, the Court grants him permission to amend his complaint to allege facts

showing why his claims are not barred by the statute of limitations.

### B.    Section 1983 Claim Regarding the Validity of a State Court Sentence

Even if Albert had timely filed his complaint, his claims would likely be barred by

the favorable-termination requirement set forth by the Supreme Court in *Heck v.*

*Humphrey*, 512 U.S. 477 (1994).  *Heck* provides that:

> in order to recover damages for . . . harm caused by actions whose
> unlawfulness would render a . . . sentence invalid, a [section] 1983 plaintiff
> must prove that the . . . sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal authorized
> to make such determination, or called into question by a federal court's
> issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87 (footnote omitted).  "A claim for damages bearing that relationship to

a . . . sentence that has *not* been so invalidated is not cognizable under [section] 1983."

*Id.* at 487 (alteration in original).  "Thus, when a state prisoner seeks damages in a

[section] 1983 suit," a court "must consider whether a judgment in favor of the plaintiff

would necessarily imply the invalidity of his conviction or sentence; if it would, the

complaint must be dismissed unless the plaintiff can demonstrate that the conviction or

sentence has already been invalidated."  *Id.*

In this case, Albert is plainly attacking the validity of his sentence.  What is more,

the Appellate Division of the Supreme Court of the State of New York affirmed Albert's

1993 conviction.  *See People v. Albert*, 222 A.D.2d 1005 (4th Dep't 1995).  Under *Heck*,

therefore, Albert has failed to state a claim upon which relief may be granted.

Again, however, Albert will be given permission to amend his complaint.  He

alleges that a second attack on his sentence was, as of at least October 16, 2017,

pending before a New York court.  *See* Docket Item 1 at 2.  Albert may amend his

complaint, if possible, to allege facts showing that his sentence has been invalidated.

Should he do so, he must also address the statute of limitations bar discussed above.

**C.    Claims Against New York State and Individual Defendants in their Official Capacities**

Albert has sued New York State and defendants Marks and Huether in their official capacities for damages.  Docket Item 1 at 2.  "The Eleventh Amendment bars suits against states and their officials unless the state consents to suit, Congress abrogates the state's immunity, or the case falls within the *Ex parte Young* exception [for prospective injunctive relief]."  *Nat'l Ass'n for Advancement of Colored People v. Merrill*, 939 F.3d 470, 475 (2d Cir. 2019).

Albert's claims for money damages against New York State and against Marks and Huether in their official capacities are dismissed with prejudice because any attempt to amend would be futile.  *See Cuoco*, 222 F.3d at 112.  "New York has not waived its immunity, nor has Congress abrogated it."  *Li v. Lorenzo*, 712 F. App'x 21 (2d Cir. 2017) (summary order) (citing *Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990)).  Nevertheless, Albert is given permission to amend his complaint to sue both Marks and Huether in their individual capacities if such a claim is not time barred or barred by *Heck* as discussed above.

## CONCLUSION

Because Albert meets the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization, his request to proceed *in forma pauperis* is granted.  Albert's claims against New York State, and against Marks and Huether in their official capacities, are dismissed with prejudice under 28 U.S.C. § 1915(e).  In addition, his remaining claims will be dismissed under 28 U.S.C. § 1915(e)(2)(B) unless he files an

7

amended complaint **within 45 days of the date of this order** in which he alleges sufficient facts to show (1) that his claims are not barred by the statute of limitations **and** (2) that his sentence has been invalidated. If he can make such a showing, Albert also must amend his claim to sue defendants Marks and Huether in their individual—not official—capacities. Any amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Albert is advised that an amended complaint is intended to ***completely replace*** the prior complaint in the action and thus "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)*; see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any amended complaint must include all allegations against each of the defendants so that the amended complaint stands alone as the only complaint that the defendants must answer in this action.

## ORDER

In light of the above,

IT IS HEREBY ORDERED that the plaintiff's motion to proceed *in forma pauperis* is granted; and it is further

ORDERED that the plaintiff's claims against New York State and against Marks and Huether in their official capacities are dismissed with prejudice and the Clerk of Court shall terminate New York State as a party to this action; and it is further

ORDERED that the plaintiff is granted leave to file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**; and it is further

8

ORDERED that the Clerk of Court shall send to the plaintiff with this order a copy of the original complaint, a blank section 1983 complaint form, and the instructions for preparing an amended complaint; and it is further

ORDERED that if Albert does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, the complaint will be dismissed without further order and the Clerk of Court shall close the case; and it is further

ORDERED that Albert's request for the assignment of counsel is denied as premature; and it is further

ORDERED that if the complaint is dismissed because Albert does not file an amended complaint correcting the deficiencies noted above **within 45 days of the date of this order**, this Court hereby certifies, under 28 U.S.C. § 1915(a), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.


        SO ORDERED.

DATED:      November __, 2019
            Buffalo, New York

                                        _____
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE


9